IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH O. DOUGLAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0851 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Pending before the Court is Respondent's Motion for Summary Judgment. Petitioner filed a writ application under 28 U.S.C. § 2254 challenging a state court conviction. Respondent contends, among other things, that Petitioner's application is time barred under 28 U.S.C. § 2244(d). This Court GRANTS the Motion for Summary Judgment as time barred for the reasons stated below.

## I. BACKGROUND

Petitioner is incarcerated in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) serving a life sentence. The 179th District Court of Harris County, Texas convicted Petitioner of felony theft in cause number 850272. He challenges his conviction based on claims of ineffective assistance of counsel, prosecutorial misconduct, a defective indictment, insufficient evidence, the use of perjured testimony, the improper use of the jury at punishment, and actual innocence.

Petitioner appealed his conviction and on August 24, 2002, the Fourteenth Court of Appeals affirmed it. *Douglas v. State*, No. 14-00-01226-CR, (Tex. App. – Houston [14th. Dist.], 2002, writ ref'd). Petitioner filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was refused on April 23, 2003. Petitioner filed a state writ application on June 18, 2004. The Court of Criminal Appeals denied the application on August 25, 2004. This federal application was received and filed in this Court on March 16, 2005.

On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which states in part:

   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not

be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(West 1996).

## II. RESPONDENT'S MOTION

Respondent's contentions follow.  Petitioner's conviction became final on July 22, 2003, when the time to file a petition for a writ of *certiorari* in the United States Supreme Court expired, ninety days after the petition for discretionary review was refused.  SUP.CT.R. 13.1 (West 1995).  The pleadings show that subsections B, C, and D of 28 U.S.C. § 2244(d)(1) do not apply to the claims here.  Under subsection (A) of section 2244(d)(1), the limitations period expired on July 22, 2004, unless tolled.

The limitation period was tolled for 69 days during the pendency of Petitioner's state application, from June 18, 2004, to August 25, 2004.  The statute of limitations, as extended by tolling, ended on September 29, 2004.  Petitioner filed this application on March 16, 2005, more than five months after the limitation period expired.

Respondent states that Petitioner appears to assert he did not receive notice from the Texas Court of Criminal Appeals of the denial of his state writ.  Respondent points out that Petitioner does not submit anything showing when and how he became aware of the denial of his state writ or explain how he became aware of the denial. Respondent states that the TDCJ's records show that Petitioner was housed on the Michael prison unit when he filed his state writ application but was in the Harris

3

County Jail when the writ was denied.  Respondent points out the absence of any showing in the Court of Criminal Appeals's writ records submitted by Respondent establishing that Petitioner notified that Court of his address change.  Respondent maintains that Petitioner is not entitled to equitable tolling.

Under Respondent's analysis, Petitioner filed his federal application approximately five months after the statute of limitations expired, he is not entitled to equitable tolling, and the application is time barred.

### III. PETITIONER'S REPLY

Petitioner responded to the motion for summary judgment [Docket Entry No. 12].  His response follows.  He was not served a copy of the Texas Court of Criminal Appeals's opinion.  Under TDCJ rules, mail must be immediately forwarded to an inmate who has left his unit for any reason and when a forwarding address is available. The Clerk of the Texas Court of Criminal Appeals has a duty to serve Petitioner with a copy of the court's opinion.

On the date the Court of Criminal Appeals handed down its decision on Petitioner's state writ application, August 25, 2004, he was out of TDCJ custody on a bench warrant.  Petitioner was returned to the TDCJ on August 31, 2004.  The failure of the Court of Criminal Appeals and the TDCJ to serve Petitioner with notice of the writ denial constitutes an impediment under 28 U.S.C. § 2244(d)(1)(B).

4

When Petitioner's family learned in a phone call to the Court of Criminal Appeals that the writ application had been denied, they immediately submitted Petitioner's federal application to the Clerk. Petitioner contends that the failure to notify him of the writ denial was not caused by any mistake or fault on his part.

## IV. ANALYSIS

Petitioner asserts that he did not receive a copy of the decision by the Texas Court of Criminal Appeals denying his state writ application. Liberally construing his pleadings, he implicitly contends that tolling under 28 U.S.C. § 2244(d)(2) should be extended beyond the date on which the Court of Criminal Appeals denied the application to the date he learned (through his family) of the denial. However, collateral review tolling under 28 U.S.C. § 2244(d)(2) applies only to the time the state habeas application was actually pending. *Phillips v. Donnelly*, 216 F.3d 505, 511 (5th Cir. 1999). Nonetheless, the Fifth Circuit has said that a long delay in receiving notice of the denial of a state habeas corpus application could warrant equitable tolling. *Id*.

Equitable tolling should only be used in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A court should grant it only where the applicant acts diligently. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000). The petitioner bears the burden of proof on equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).

5

Both parties agree that Petitioner was out of TDCJ custody on a bench warrant when the Texas Court of Criminal Appeals handed down its decision on the state writ application. Petitioner does not dispute Respondent's assertion that he did not notify the Court of Criminal Appeals Clerk of his address change. Presumably, their records listed Petitioner's mailing address as the unit on which the TDCJ housed him when he filed his state writ. Petitioner argues that his failure to receive notice of the decision and his late filing of his federal application is the TDCJ's fault because they did not follow their procedure concerning forwarding inmate mail.

Petitioner relies on a TDCJ rule which states that "mail received must be forwarded to an inmate immediately in the event he has left the unit for any reason and a forwarding address is available." As stated above, Petitioner was bench warranted to Harris County when the Court of Criminal Appeals denied the writ. This Court takes judicial notice that Harris County has several jail facilities. Petitioner offers no factual allegations, much less summary judgment evidence, showing that a specific forwarding address for Petitioner was available, as the TDCJ mail rule requires.

Petitioner cites TEX.R.APP.P. 12.6 and 48.1 for the proposition that "the clerk of the appeals court has a legal duty to serve Petitioner with a copy of the court's opinion." However, this does not help his position. The duty imposed by the cited appellate rules would only help Petitioner if the duty imposed by the rules specifically

6

included a duty to investigate and determine the current correct mailing address of all attorneys and *pro se* litigants, including Petitioner, (1) whose address changed after they filed their lawsuit and (2) who failed to inform the clerk of changes in address.  It is undisputed that court clerks do not have such a burdensome duty.

Petitioner has an obligation to monitor his lawsuits apart from any duty of a clerk to notify him.  *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993) (in discussing Fed.R.Civ.P. 77(d), the Fifth Circuit noted the general idea "that parties have a duty to inquire periodically into the status of their litigation"); *accord Jones v. Estelle*, 693 F.2d 547, 549 (5th Cir. 1982) (noting "implicit burden" to make inquiries in appeal of habeas by state prisoner who was previously represented by counsel). Petitioner's obligation to timely file a federal application, including his obligation to keep himself informed of the status of state litigation filed as a prerequisite to federal litigation, is a matter of federal law.  Texas courts also impose a similar obligation on litigants.  *See, e.g. Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633, 643 (Tex. 1974) ("where .... there is no statute or rule to the contrary, parties .... are expected to keep themselves informed of the time a case is set for trial); *see also Metro Dairy Queen Stores v. Dominguez*, 883 S.W.2d 322, 323 (Tex.App. – El Paso 1994) (failure by clerk to give statutorily mandated notice of judgment does not impair its finality).

Petitioner's contentions rest on the premises that he had no obligation to notify

7

the court clerk of any change in his address and that he had no obligation to keep himself informed of the status of his state writ application. Petitioner's contentions are inconsistent with the due diligence required for equitable tolling. Furthermore, the alleged failures by the TDCJ and the Texas Court of Criminal Appeals did not prevent Petitioner in some extraordinary way from asserting his rights. They did not actively mislead or prevent Petitioner from learning of the Texas Court of Criminal Appeals's decision. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).

Under Petitioner's contentions, the TDCJ arguably contributed to the failure of Petitioner to receive notice of the writ denial. However, this kind of possible mistake or negligence does not by itself entitle Petitioner to equitable tolling. *See Coleman*, 184 F.3d at, 402-03 (where clerk mistakenly date-stamped a petition late, a prisoner is not entitled to equitable tolling from the date he actually submitted the petition to the date the clerk stamped it as filed, absent sufficient diligence by prisoner). As stated above, it is undisputed that Petitioner did not notify the Texas Court of Criminal Appeals of his change of address. Petitioner was not without fault. In any event, the TDCJ and the Court of Criminal Appeals did not prevent petitioner in some extraordinary way from asserting his rights.

Petitioner says that when his family called the Texas Court of Criminal Appeals and was told the court had denied the writ, they immediately delivered the federal

application to the Clerk of this Court.  Petitioner says he first had his family check on his state writ on or about March 16, 2005—nine months after he filed his state writ. The passage of that much time does not show diligence.  There is no showing that Petitioner's family was unable to inquire sooner about his state writ application. *Coleman*, 184 F.3d at 402.

Petitioner also did not show diligence in pursuing state habeas corpus relief.  He waited 14 months from the refusal of his PDR before filing his state writ application—using 11 months of the one-year statute of limitations and allowing little time after exhausting state remedies to apply for federal habeas corpus relief.  *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (upholding denial of equitable tolling where petitioner waited a long time to apply for state habeas corpus relief and left himself very little time to apply for federal relief).

Admittedly, Petitioner claims his family acted quickly after he says they contacted the Texas Court of Criminal Appeals.  However, this is not a case like *Phillips v. Donnelly* where the petitioner claimed he received notice from the appellate court months after the court issued its opinion and upon receipt of the notice quickly proceeded to the next step.  Petitioner says he never received any notice of the writ denial from the Court of Criminal Appeals.  Instead, nine months after he filed the writ application—having been out of TDCJ custody for a short time without providing a

9

forwarding address to the appellate court and having used 11 months of the limitation period—his family asked about the status of the writ application.

Petitioner has not met his burden of proof concerning equitable tolling with his nonspecific, unsupported allegation that his family "immediately" filed his federal application after they learned the Court of Criminal Appeals had denied his state writ. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("The petitioner bears the burden of proof concerning equitable tolling"). Moreover, Petitioner's unsupported allegation does not raise a genuine issue of material fact that he is entitled to equitable tolling. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) (unsubstantiated or conclusory assertions that a fact issue exists will not suffice to defeat a summary judgment motion). Another shortcoming with Petitioner's allegation that his family filed the application in March of 2005 is that the signature page of his federal application states that he executed it on January 22, 2005, and he placed it in the prison mail system on January 23, 2005.

Petitioner has not shown due diligence or that he was "actively misled" or "prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402. He has not shown rare and exceptional circumstances and the need for equitable tolling. *Id.* Petitioner has not met his burden of proof.

Petitioner also argues that the failures by the Texas Court of Criminal Appeals

and the TDCJ to serve him with the notice of the Court's writ denial is a due process violation which constitutes an impediment to timely filing his federal application under subsection 2244(d)(1)(B). Under that subsection, the limitation period starts when an "impediment to filing an application created by State action in violation of the Constitution ... is removed, if the applicant was prevented from filing by such State action." As discussed above, the alleged failures by the Texas Court of Criminal Appeals and the TDCJ did not prevent or impede Petitioner from filing his federal application.

As a separate matter, the alleged acts and omissions by prison and Court of Criminal Appeals personnel were not State action in violation of the Constitution or federal law. Neither moving inmates between facilities nor failing to forward legal mail are violations of the Constitution or federal law. *Alberti v. Sheriff of Harris County,* 937 F.2d 984 (5th Cir. 1991) (transfers); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (negligence does not violate the Constitution). Furthermore, Petitioner's location and lack of mail forwarding did not *prevent* him from filing this application. He was free to keep the Court of Criminal Appeals' Clerk informed of his current address and free to periodically check with the Clerk. As discussed above, he should have done these things.

Petitioner has not set forth a valid basis for the limitation period to start running

11

on the date his family learned of the writ denial, construing that date as the date an impediment under 28 U.S.C. § 2244(d)(1)(B) was removed.

## V. CONCLUSION

Petitioner has not raised a genuine issue of material fact that he is entitled to equitable tolling or that the statute of limitations should start running on the date an impediment was removed under 28 U.S.C. § 2244(d)(1)(B). Petitioner's federal application is time barred. Accordingly, it is ORDERED that Respondent's Motion for Summary Judgment [Docket Entry No. 10] be GRANTED. This action is DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 26th day of October, 2005.

_____

DAVID HITTNER

United States District Judge